UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
UNITED STATES OF AMERICA,                NOT FOR PUBLICATION
                                         MEMORANDUM AND ORDER

       -against-                        07-CR-355 (CBA)

MARIE HAWKINS,

                Defendant.
------------------------------------------------------------X
AMON, United States District Judge:

      Defendant Marie Hawkins ("defendant") appeals from an April 2007 conviction and sentence after a non-jury trial before Magistrate Judge Robert M. Levy. Defendant was found guilty of simple assault and disorderly conduct and was sentenced to a twenty (20) dollar fine. Defendant then filed a timely notice of appeal, and the Court appointed Paul P. Rinaldo, Esq. as counsel for defendant pursuant to the Criminal Justice Act. Defendant has challenged only the conviction for simple assault. For the reasons stated below, the conviction is affirmed.

**I.   Background**

      Defendant was charged with simple assault pursuant to 18 U.S.C. § 113(5), disorderly conduct pursuant to 38 C.F.R. § 1.218(b)(11); and resisting arrest pursuant to 18 U.S.C. § 111, stemming from an incident taking place at approximately 8:30 A.M. on January 2, 2006, in a Veteran's Affairs Hospital, Brooklyn Campus. According to trial testimony, on that morning, defendant presented at the emergency room of the VA seeking immediate medical attention because she was suffering from a sore throat.[1] She was "irate", "nasty", "angry", and "verbally

---

[1] The record indicates that defendant also suffers from uterine fibrosis and several mental disorders, but does not indicate that her visit to the VA on January 2, 2006 was prompted by these other ailments.

-1-

abusive" as she signed in. The desk administrator asked defendant to please sit and wait because all available nurses were tending to other patients, but defendant instead paced back and forth in the waiting room and hallway. At one point, she attempted to open the door to the emergency room, which is a restricted area. After learning that defendant was only suffering from a sore throat, the nurse at the registration desk, Aleymma Philips, called out the name of another patient, Angela Davis, and began to escort Ms. Davis out of the reception area.

Hawkins became upset, and began screaming and yelling and demanding to be treated first. Her tirade included racial remarks and profanity. As Philips brought Davis to the triage room, defendant followed and then apparently pushed Philips. Defendant then stood in the doorway to the triage room, preventing any occupants from leaving. When an occupant attempted to close the door, defendant shoved it open, almost hitting someone. A scuffle then ensued, during which defendant fell to the floor and apparently pulled on Philips' leg. Defendant also flailed her legs and knocked over a medical device, and yelled something to the effect that the "white bitch" (Davis) would not be treated before her. Defendant also threatened to wait for Philips in the parking lot. At this time officers arrived at the scene and arrested defendant, who was issued three violation notices. The resisting arrest charge was dismissed prior to trial, and trial proceeded in front of Magistrate Judge Levy on the simple assault and disorderly conduct charges on April 13, 2007.

At trial Philips testified that defendant yelled and screamed at her and that she then pushed her from the back, that the push was hard, but that she didn't fall down. She further testified that defendant then followed Philips and Davis to the triage room, that defendant tried to hold her, and that Philips focused on protecting Davis from any injuries. She testified that

defendant ended up almost on the floor holding on to her leg. She testified that she was frightened by defendant. On cross-examination, Philips admitted that her back was to defendant when she was pushed from behind, and that she didn't see anything at that point, only felt the push. She further re-affirmed that defendant grabbed her leg as she slid to the floor.

Davis also testified at trial. She testified that Philips was trying to defend her and herself, and that she appeared scared. She further testified that it looked like defendant had hit Philips on the foot while trying to force herself into the triage room. She admitted on cross-examination that she had not seen defendant and Philips have any physical contact in the waiting room.

Police Officer Israel Rodriguez, an officer employed by the VA hospital, also was called to testify. He testified that he observed defendant push Philips. He further testified that when defendant was resisting arrest, she "kicked", but did not kick Philips. The final government witness was Mike Tormey, the medical administrative officer of the Brooklyn VA Medical Center, who contradicted the testimony of Philips and Officer Rodriguez by testifying that defendant pushed Philips in the chest. The defense called one witness, Luis Servellon, another VA Hospital police officer, who testified that he had been present in the hospital at the time of the incident, that he heard the disturbance, but that he did not see the defendant touch Philips.

After trial, defendant was convicted on both counts and sentenced to pay a $20.00 special assessment and a $20.00 fine. This appeal followed, challenging only the conviction for simple assault.

## II. Discussion

The sole basis on which defendant has challenged her conviction is the contention that the evidence adduced at trial was legally insufficient to support a conviction for simple assault.

In reviewing such a claim, the Court must defer to the conclusions of the finder of fact unless no reasonable finder of fact could have reached them beyond a reasonable doubt:

> A defendant challenging a conviction based on a claim of insufficiency of the evidence bears a heavy burden. See United States v. Walsh, 194 F.3d 37, 51 (2d Cir. 1999). The evidence presented at trial should be viewed "in the light most favorable to the government, crediting every inference that the jury might have drawn in favor of the government." United States v. Walker, 191 F.3d 326, 333 (2d Cir. 1999) (quotations marks omitted), cert denied, 529 U.S. 1080, 120 S.Ct. 1702, 146 L.Ed.2d 506 (2000). We consider the evidence presented at trial "in its totality, not in isolation," but "may not substitute our own determinations of credibility or relative weight of the evidence for that of the jury." United States v. Autuori, 212 F.3d 105, 114 (2d Cir. 2000). "We defer to the jury's determination of the weight of the evidence and the credibility of the witnesses, and to the jury's choice of the competing inferences that can be drawn from the evidence." United States v. Morrison, 153 F.3d 34, 49 (2d Cir. 1998). Accordingly, we will not disturb a conviction on grounds of legal insufficiency of the evidence at trial if "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); see also United States v. Naiman, 211 F.3d 40, 46 (2d Cir. 2000).

United States v. Dhinsa, 243 F.3d 635, 648-49 (2d Cir. 2001); see also United States v. Wilkerson, 361 F.3d 717, 721 (2d Cir. 2004).[2] With this standard of review in mind, the Court now turns to the conviction at issue.

Section 113(a)(5) provides for a punishment of imprisonment of not more than six months and by a fine for anyone who commits a "simple assault" within the special maritime and territorial jurisdiction of the United States. See 18 U.S.C. § 113(a)(5). The Second Circuit has noted that "[t]he term 'simple assault' is not defined anywhere in the federal criminal code." United States v. Chestaro, 197 F.3d 600, 605 (2d Cir. 1999). However, where Congress has

---

[2]While this standard expressly covers jury determinations, and this was a bench trial before Magistrate Judge Levy, both parties recognize that it remains the applicable standard of review.

failed to define a term, it is well-settled that it intends to adopt the term's common-law definition. See United States v. Shabani, 513 U.S. 10, 13 (1994); United States v. Turley, 352 U.S. 407, 411 (1957). Thus, the term "simple assault" in section 113 "has been held to 'embrace the common law meaning of that term.'" Chestaro, 197 F.3d at 605 (quoting United States v. Stewart, 568 F.2d 501, 504 (6th Cir. 1978)); see also United States v. Lewellyn, 481 F.3d 695, 697 n.5 (9th Cir. 2006); United States v. McCulligan, 256 F.3d 97, 103-04 (3d Cir. 2001); United States v. Ashley, 255 F.3d 907, 911 n.4 (8th Cir. 2001); United States v. Bayes, 210 F.3d 64, 68 (1st Cir. 2000); United States v. Williams, 197 F.3d 1091, 1096 (11th Cir. 1999); United States v. Estrada-Fernandez, 150 F.3d 491, 494 n.1 (5th Cir. 1998).

Under common law, an assault is a crime "'committed by either a wilful attempt to inflict injury upon the person of another, or by a threat to inflict injury upon the person of another which, when coupled with an apparent present ability, causes a reasonable apprehension of immediate bodily harm.'" Chestaro, 197 F.3d at 605 (quoting United States v. Johnson, 637 F.2d 1224, 142 n.26 (9th Cir. 1980)). Under the latter definition, the "threat" type of assault, neither physical contact (and, therefore, injury to the victim) nor an intent to harm is an element of the offense. See Id. at 606 (touching not required); United States v. Temple, 447 F.3d 130, 139 (2d Cir. 2006) (touching not required, citing Chestaro); United States v. Perez, 43 F.3d 1131, 1137 (7th Cir. 1994) (intent to cause injury is not an element of simple assault under section 113).

In this case, Magistrate Judge Levy, as factfinder, found that the government had proven

the "threat" type of simple assault beyond a reasonable doubt.[3] He found that the defendant had been "out of control" during the events in question. He further concluded that she had been verbally assaultive and that there had been some level of physical aggression (both the shove in the hallway and the grab of Philips' leg in the triage room), whether or not it had, by itself, risen to the level of assault under the former theory. Magistrate Judge Levy also credited the testimony of Nurse Philips that she was afraid for her own safety and the safety of her patient, and that this fear was reasonable under the circumstances, especially in light of fact that defendant blocked the doorway to the triage room–preventing anyone from leaving–and because defendant specifically threatened to harm Philips if she left. Finally, he concluded that the totality of the circumstances permitted the inference that the threat of physical injury was immediate. Thus, Magistrate Judge Levy concluded beyond a reasonable doubt, that, by her words and conduct, defendant had threatened to inflict injury upon the person of another, had an apparent present ability, and caused a reasonable apprehension of immediate bodily harm.

Defendant argues that no rationale trier of fact could have reached this conclusion.[4] The Court disagrees. Viewing the evidence in the light most favorable to the government, the record supports all of Magistrate Judge Levy's conclusions. First, as Magistrate Judge Levy noted, the defendant was "out of control", verbally and physically assaultive, and expressly threatened

---

[3]With respect to the former type of assault, Magistrate Judge Levy expressed some doubt regarding the details of the alleged push due to inconsistencies in testimony, but did not reach an express conclusion one way or the other.

[4]Defendant notes that there is no evidence on the record that anyone suffered a physical injury nor that the defendant intended to cause injury. Even assuming that these contentions are accurate this argument is unavailing, because, as the Court noted above, neither physical injury nor intent to cause it is an element of the offense.

Nurse Phillips. Moreover, he found that she blocked a doorway preventing people from leaving the triage room. These findings are sufficient for a rationale trier of fact to find that her words and conduct amounted to a threat to inflict injury and that she had an apparent present ability to do so. Second, Magistrate Judge Levy credited Phillips' testimony that she was scared–both for herself and for the safety of the patients. This direct evidence, coupled with the circumstances cited above, more than suffice for a reasonable factfinder to conclude that Phillips felt a reasonable apprehension of imminent bodily harm. Accordingly, there was ample evidence to support defendant's conviction for simple assault.

### III. Conclusion

For the foregoing reasons, defendant's conviction is affirmed.

SO ORDERED.
Dated: Brooklyn, New York
January 23, 2008

CAROL BAGLEY AMON
United States District Judge